UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN OMAR RAMIREZ-RIVAS,

Petitioner,

v.

WARDEN, Imperial Regional Detention Facility, et al.,

Respondents.

Case No.:  26-cv-3246-RSH-MMP

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

[ECF No. 2]

On May 26, 2026, petitioner Juan Omar Ramirez-Rivas, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner also filed a motion to appoint counsel. ECF No. 2. Respondents have filed a return. ECF No. 7.

This is Petitioner's third habeas petition in recent months. In Petitioner's first case, No. 26-cv-994, this Court on February 17, 2026 ordered a bond hearing for Petitioner, upon determining that he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *See* No. 26-cv-994, ECF No. 6. The government held a bond hearing on March 9, 2026, at which an immigration judge denied bond. *See* ECF No. 7-1 at 1.

Thereafter, Petitioner filed a second habeas petition, No. 26-cv-1981. On April 14, 2026, the Court denied the petition on the grounds that Petitioner was subject to an order

1

of removal that became final on February 26, 2026 upon Petitioner's waiver of appeal, such that Petitioner's detention was presently governed by 8 U.S.C. § 1231 and the framework of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Case No. 26-cv-1981, ECF. No. 6. As this Court explained, in *Zadvydas*, the Supreme Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. This Court determined that Petitioner had not provided a basis to conclude that his detention at that point in time was unlawful. Case No. 26-cv-1981, ECF. No. 6 at 3.

Petitioner's third and current petition argues that the immigration judge's denial of bond on March 9, 2026 was erroneous. ECF No. 1 at 6–7. At the Court's direction, Respondents filed a transcript of that hearing. ECF No. 9. At the hearing, the immigration judge determined that Petitioner posed a flight risk, including because he has been ordered removed to El Salvador and did not appeal that order of removal. ECF No. 9-1 at 4. Petitioner testified that he wants to return to El Salvador. *Id.* at 3.

Petitioner does not dispute that he is subject to a final order of removal, nor does he address the legal framework the Court previously identified as applicable to his circumstances. Petitioner has not provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, or otherwise established his right to relief.

//

//

//

//

//

//

//

2

26-cv-3246-RSH-MMP

Accordingly, the Petition is **DENIED**. The Court also **DENIES** Plaintiff's motion for appointment of counsel [ECF No. 2], as Petitioner has not shown "exceptional circumstances" warranting such an appointment here. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: July 7, 2026

Robert S. Huie
_____
Hon. Robert S. Huie
United States District Judge

26-cv-3246-RSH-MMP